IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | CRIMINAL ACTION NO. |
| | : | 2:17-CR-37-RWS-JCF |
| TERRYL SEESE, | : | |
| | : | |
| Defendant. | : | |

## ORDER

This matter is before the Court on the Report and Recommendation of Magistrate Judge J. Clay Fuller [Doc. No. 35].

In reviewing a Report and Recommendation, the district court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). "Parties filing objections to a magistrate's report and recommendation must specifically identify those findings objected to. Frivolous, conclusive, or general objections need not be considered by the district court." United States v. Schultz, 565 F.3d 1353, 1361 (11th Cir. 2009) (quoting Marsden v. Moore, 847 F.2d 1536, 1548 (11th Cir. 1988)) (internal quotation marks omitted). Absent objection, the district judge "may accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate [judge]," 28 U.S.C. § 636(b)(1), and

"need only satisfy itself that there is no clear error on the face of the record" in order to accept the recommendation. Fed. R. Civ. P. 72, advisory committee note, 1983 Edition, Subdivision (b). In accordance with 28 U.S.C. § 636(b)(1) and Rule 72 of the Federal Rules of Civil Procedure, the Court has conducted a *de novo* review of those portions of the R&R to which Defendant objects and has reviewed the remainder of the R&R for plain error. See United States v. Slay, 714 F.2d 1093, 1095 (11th Cir. 1983).

Here, Defendant objects to the finding that law enforcement's entry into the resort was justified because they were either allowed in by someone who had the authority or by someone who had the apparent authority to permit them access. The officers reasonably believed that the person had common authority over the premises, and even if that was not the case, the officers reasonably believed that the person had at least apparent authority to allow them to enter. That person voluntarily consented to their entry. As a result, the initial warrantless entry onto the resort property did not violate the Fourth Amendment.

Defendant also objects to the finding that the officers' entry into his property was justified under the "open fields" doctrine. The Court finds that the R&R appropriately considered Dunn and applied the open fields doctrine. Thus,

2

the officers' discovery of the hunting blind did not violate the Fourth Amendment because it occurred beyond the curtilage of Defendant's home.

For the reasons discussed above, Defendant's objections [Doc. No. 38] are OVERRULED, and the R&R is adopted as the opinion and order of this Court. As such, Defendant's Motions [Doc. Nos. 15 and 17] are DENIED.

**SO ORDERED** this 30th day of January, 2019.

_____
RICHARD W. STORY
United States District Judge

AO 72A
(Rev.8/82)